UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11047-VBF-PD                    Date: May 26, 2026

Title     *Willie C. Streeter v. U.S. Department of Justice*

Present:  The Honorable:     Patricia Donahue, U.S. Magistrate Judge

|  |  |
|---|---|
| Isabel Verduzco | N/A |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:
N/A                                        N/A

**Proceedings (In Chambers):       Order to Show Cause Why the Complaint Should Not be Dismissed for Lack of Jurisdiction**

On November 18, 2025, Willie C. Streeter ("Plaintiff"), a California resident proceeding *pro se,* filed a complaint under 42 U.S.C. § 1983 against Defendant U.S. Department of Justice.  Dkt. No. 1 at 2.

## I.     Summary of Factual Allegations and Claims

Plaintiff alleges that on March 7, 2025, he received a letter from the California Department of Justice Bureau of Criminal Information and Analysis stating that his firearm eligibility check was denied based on information in his criminal history record showing a conviction for second-degree burglary.  *Id.* at 3.[1]  Plaintiff asserts that this was improper and violates his constitutional rights.  *Id.*  He alleges that he completed all terms related to that conviction and is eligible under federal law to seek relief from firearm disabilities pursuant to 18 U.S.C. § 925(c).  *Id.*  Plaintiff alleges that the Department of Justice failed to properly consider or process his request for restoration of rights and continues to deny him eligibility without due

---

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11047-VBF-PD                    Date: May 26, 2026

Title      *Willie C. Streeter v. U.S. Department of Justice*

process.  *Id*.  As a result, Plaintiff alleges he has been unlawfully deprived of his right to bear arms under the Second Amendment and his right to due process and equal protection under the Fourteenth Amendment. *Id.*

In Claim One, Plaintiff alleges that his civil rights under 42 U.S.C. § 1983 were violated by United States Department of Justice and California Attorney General Rob Bonta acting through the California Department of Justice Bureau of Criminal Information and Analysis.  *Id*. at 5. He alleges that these Defendants denied his firearm eligibility based on inaccurate and outdated California criminal history records and failed to properly review or correct the records upon request.  As a result, Plaintiff has been harmed and denied the ability to purchase, possess or own a gun.  *Id*. at 5.

In Claim Two, Plaintiff alleges that his rights to due process under the Fourteenth Amendment were violated by the United States Department of Justice and California Attorney General Rob Bonta acting through the California Department of Justice Bureau of Criminal Information and Analysis.  *Id*. at 6.  He alleges they failed to provide him with adequate notice, explanation or meaningful opportunity to challenge the denial of firearm eligibility.  *Id*.

Plaintiff requests the Court to (1) order the Department of Justice and the Attorney General of California to correct and update his criminal history records to accurately reflect his legal status; (2) restore his federal right to purchase, possess and own a firearm pursuant to 18 U.S.C. § 925(c); (3) declare that the denial of firearm eligibility was improper and violated his rights under the Second and Fourteenth Amendments; and (4) order any further relief the court deems just including costs, equitable remedies or declaratory relief necessary to ensure full restoration of Plaintiff's constitutional rights.  *Id*. at 4.

Plaintiff attached as exhibits to his Complaint a fingerprint submission to the U.S. Department of Justice and the FBI, a Los Angeles County Superior Court ("LACSC") Order dated January 2, 2025 granting a petition to seal records per Penal Code § 851.91, judicial clearance notice issued on March 24, 2017, an LACSC order granting petition to seal arrest and related

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11047-VBF-PD                Date: May 26, 2026

Title        *Willie C. Streeter v. U.S. Department of Justice*

records dated June 1, 2022, an LACSC order to seal juvenile records filed on March 22, 2023, an LACSC Order for Dismissal filed on April 7, 2022, a petition for dismissal and declaration filed in the LACSC on June 10, 2025, an order granting a petition for certificate of rehabilitation and pardon dated March 4, 2016, a pardon issued by Governor Gavin Newsome dated November 27, 2024, a letter of employment verification dated April 15, 2025, and a proof of service criminal record clearing filed on June 10, 2025.  *Id.* at 8-29.

## II.     Discussion

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by a person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is subject to a mandatory review and dismissal by the court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  *See also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

The Court has an independent obligation to determine whether subject matter jurisdiction exists.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal courts, which "'are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute[,]'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019), "are under an independent obligation to examine their own jurisdiction. . . ." *United States v. Hays*, 515 U.S. 737, 742 (1995) (citation omitted); *see also Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (A federal court "is obligated to determine *sua sponte* whether it has subject matter jurisdiction."), *cert. denied*, 567 U.S. 919

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-11047-VBF-PD                    Date: May 26, 2026

Title      *Willie C. Streeter v. U.S. Department of Justice*

(2012).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen*, 511 U.S. at 377 (citations omitted); *see also Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1151 (9th Cir. 2017) ("'The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction.'" (citation omitted)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (citation omitted)).

Federal law prohibits certain individuals from possessing firearms. *See* 18 U.S.C. § 922(g)(1)-(9).  The only mechanism for a district court to restore the federal right to possess a firearm is through 18 U.S.C. § 925(c) which provides, in relevant part, that:

> A person who is prohibited from possessing . . . firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws . . . and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicants record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

18 U.S.C. § 925(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11047-VBF-PD                    Date: May 26, 2026

Title      *Willie C. Streeter v. U.S. Department of Justice*

These procedures "for seeking relief make clear that an actual decision by ATF on an application is a prerequisite for judicial review, and that mere inaction by ATF does not invest a district court with independent jurisdiction to act on an application." *United States v. Bean*, 537 U.S. 71, 75-76 (2002). As such, "judicial review under § 925(c) cannot occur without a dispositive decision by ATF." *Id.*

The Complaint as pled is unclear as to whether Plaintiff submitted an Application under 18 U.S.C. § 925(c) to the ATF.  Absent a denial by the ATF, this Court lacks jurisdiction to review Plaintiff's request to restore his right to possess a firearm.  *See Bean*, 537 U.S. at 77 ("Th[e] broad authority of the . . . ATF[] to grant or deny relief, even when the statutory prerequisites are satisfied, shows that judicial review under § 925(c) cannot occur without a dispositive decision by ATF."); *Burtch v. United States Dep't of the Treasury*, 120 F.3d 1087, 1090 (9th Cir. 1997) ("[S]ection 925(c) privileges for individuals cannot be reinstated by the district court based upon ATF's failure to process the individuals' applications" and the district court properly held it lacked subject matter jurisdiction over the plaintiff's action to have his federal firearms privileges restored); *Jones v. Ca.*, No. 2:23-CV-02769-FLA-JC, 2023 WL 5310221, at *2 (C.D. Cal. Aug. 16, 2023) (Absent denial on Application by the ATF, the district court lacks jurisdiction to review Plaintiff's application to restore his right to possess a firearm.).

Plaintiff further alleges that he has been unlawfully deprived of his right to bear arms under the Second Amendment.  Dkt. No. 1 at 3.  The "Second Amendment protects the right to keep and bear arms for the purpose of self-defense." *McDonald v. City of Chicago*, 561 U.S. 742, 749-50 (2010). But the right is "not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008).  The Supreme Court clarified that its recognition of the Second Amendment right does not "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27; *accord McDonald*, 561 U.S. at 786.  Those prohibitions are "presumptively lawful." *Heller*, 554 U.S. at 627 n.26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11047-VBF-PD                    Date: May 26, 2026

Title      *Willie C. Streeter v. U.S. Department of Justice*

Based on the allegations of the Complaint, it appears that the Court lacks subject matter jurisdiction to review Plaintiff's claims.

## III.   Order

For the foregoing reasons, by **June 18, 2026**, Plaintiff is ORDERED TO SHOW CAUSE why the Court should not recommend that the Complaint be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B).

If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by **June 18, 2026**, which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a response to this Order or Notice of Dismissal, may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute**.

IT IS SO ORDERED.

**Attachments**:

--Notice of Voluntary Dismissal (CV-09)